UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>v.<br><br>MOLLIE THIELEMANN, as corporate officer of Hennings Woodburning Stoves, Inc.,<br><br>    Respondent. | Case No. 18-cv-2623 BTM<br><br>**ORDER GRANTING PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS** |

The Government has petitioned the Court for an order enforcing the Internal Revenue Service ("IRS") Summonses issued to Mollie Thielemann ("Respondent"). On November 30, 2018, the Court issued an order setting a hearing on the petition to enforce. On December 4, 2018, the IRS personally served Respondent with a copy of the Court's order, the Government's petition to enforce and supporting declaration. Respondent did not file a written response to the order.

The hearing was held on the Government's petition on January 9, 2019, at 10:30a.m. The Government was represented by Assistant United States Attorney Leslie M. Gardner. Respondent did not appear. For the reasons explained herein, the Government's petition to enforce the summonses is granted.

## BACKGROUND

On April 18, 2018, W. Wooldridge, a Revenue Officer employed by the IRS, issued an IRS summons to Respondent. [Declaration of Revenue Officer W. Wooldridge in Support of Petition, ("Wooldridge Decl."), ¶ 5.] The IRS is conducting an investigation to determine the collectability of the corporate tax liabilities for Hennings Woodburning Stoves, Inc., for the quarterly tax periods ending June 30, 2016, September 30, 2016, December 31, 2016, March 31, 2017, June 30, 2017, September 30, 2017 and December 31, 2017. [Id. at ¶ 2.]

Prior to issuing the administrative summons at issue here, Respondent provided Revenue Officer Wooldridge with documents relevant to the above investigation including some bank statements from 2017 for both her personal and corporate bank accounts and some personal income tax returns for 2014, 2015, and 2016. Wooldridge Decl. at ¶ 4. However, to complete the investigation, Revenue Officer Wooldridge still needs, among other things, all 2018 bank statements, a 2018 profit and loss statement from January to October 2018, a balance sheet ending October 31, 2018, and a current asset inventory list for the business stating the complete description of each asset, its current fair market value and documentation of any encumbrances. *Id.*

On April 18, 2018, Revenue Officer Wooldridge served the summons on Respondent by handing her attested copies of the summons. [Id. at ¶ 6.] The summons called for Respondent to appear before the IRS on May 16, 2018, at 8:30 a.m. [Id. at ¶ 7.]

Since the issuance of the summons, Revenue Officer Wooldridge issued levies and collected the full payment for the quarterly tax periods ending June 30, 2016, September 30, 2016, and March 31, 2017. Wooldridge Decl. at ¶ 4. Therefore, the outstanding tax periods at issue for this summons are the quarterly periods ending

December 31, 2016, June 30, 2017, September 30, 2017 and December 31, 2017.

On May 16, 2018, Respondent did not appear and did not provide any information in response to the summons. *Id.* at ¶ 7.

On November 15, 2018, the Government petitioned the Court to enforce the summons. On November 30, 2018, the Court ordered that Respondent appear before the Court on January 9, 2019 at 10:30a.m. The Court also ordered Respondent to respond with any defense or opposition to the petition at least 14 days prior to the hearing date. Respondent did not file a written response and did not appear at the hearing.

## DISCUSSION

Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books, papers, records, or other data which may be relevant or material" in connection with "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue . . . or collecting any such liability." Section 7602(a)(1) authorizes the Secretary to issue summonses to compel persons in possession of such books, papers, records, or other data to appear and produce the same and/or give testimony.

In order to obtain judicial enforcement of an IRS summons, the United States "must first establish its 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)). "The government's burden is a 'slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that Powell requirements have been met." Id. at 120. Once the government has made a prima facie showing that enforcement of the summons is appropriate, the burden

3

shifts to the Respondent to show that enforcement of the summons would be an abuse of the court's process. Powell, 379 U.S. at 58. The Supreme Court has characterized respondent's burden as a heavy one. Id.

The Government's petition and Revenue Officer Wooldridge's supporting declaration satisfy all four elements of the Powell standard. First, the IRS is conducting an investigation to determine the collectability of the corporate tax liabilities for Hennings Woodburning Stoves, Inc., for the quarterly tax periods ending June 30, 2016, September 30, 2016, December 31, 2016, March 31, 2017, June 30, 2017, September 30, 2017 and December 31, 2017. [Wooldridge Decl., ¶ 2.] Such an investigation is expressly authorized by 26 U.S.C. § 7602(a). The Internal Revenue Code explicitly allows the issuance of a summons for the purpose of determining "the liability of any person for any internal revenue tax . . . or collecting any such liability . . ." 26 U.S.C. § 7602(a). Thus, the summons was issued for a legitimate purpose. Second, Revenue Officer Wooldridge has declared in her declaration that the information requested by the summonses may be relevant to determine Respondent's tax liabilities and collectability of his tax liabilities. [Id. at ¶ 15.] Third, the IRS does not already possess the testimony, papers, records, and other data sought by the summonses issued to Respondent. [Id. ¶ 13.] Finally, the IRS has followed and exhausted all required administrative steps, but Respondent has not complied with the summonses. [Id. at ¶ 14.] Thus, the Government has made a *prima facie* showing that it is entitled to judicial enforcement of the summonses.

## CONCLUSION

For the reasons set forth herein, the Government's petition to enforce the IRS summonses is GRANTED. Respondent, Mollie Thielemann, as corporate officer of Hennings Woodburning Stoves, Inc., is directed to appear before IRS Revenue Officer W. Wooldridge or a designee, on March 14, 2019, at 9:00 a.m., at the offices of the Internal Revenue Service located at 1 Civic Center Drive, Suite 400, San Marcos,

4

California, 92069, and to produce the documents and give testimony as directed in the summonses. The Government shall serve a copy of this Order upon Respondent in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is served upon counsel for the Government, or as soon thereafter as possible. Proof of service shall be filed with the Clerk of Court as soon as practicable.

<u>Respondent is hereby notified that failure to comply with this Order may subject her to sanctions for contempt of court, including the issuance of a bench warrant and her being held in coercive confinement.</u>

IT IS SO ORDERED.

Dated: February 5, 2019

_____
Honorable Barry Ted Moskowitz
United States District Court